IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HLUSHMANUK, | : | |
| Petitioner | : | |
| | : | No. 1:17-cv-01755 |
| v. | : | |
| | : | (Judge Kane) |
| BALTAZAR, et al., | : | |
| Respondents | : | |

**MEMORANDUM**

I. **BACKGROUND**

On September 28, 2017, the Court received and filed a petition for writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 from pro se Petitioner William Hlushmanuk ("Petitioner"), a federal inmate presently confined at the United States Penitentiary Canaan, Pennsylvania ("USP-Canaan"). (Doc. No. 1.) Petitioner challenges his 92-month federal sentence for health care fraud and conspiracy to commit health care fraud imposed by the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 6 at 1); United States v. Hlushmanuk, No. 2:12-cr-00327 (E.D. Pa. 2012). Petitioner claims that his sentence was enhanced by a state charge of aggravated battery, which he claims is not a crime of violence under the Armed Career Criminal Act ("ACCA"). (Doc. No. 1.)

In June 2012, Petitioner was indicted for twenty counts of health care fraud, conspiracy to commit health care fraud, and false statements in violation of 18 U.S.C. §§ 1247, 1349, 1035. (Doc. No. 6 at 2); Hlushmanuk, No. 2:12-cr-00327. Petitioner pled guilty to health care fraud and conspiracy to commit the same and waived his rights to file any appeals or collateral attacks on his sentence. (Id.) While the maximum sentence was twenty years of imprisonment, with an advisory Guideline range of 84-105 months, the Court sentenced Petitioner to 92 months of imprisonment "on each of counts 21 and 22, to run concurrently, along with three years of

supervised release, a $200 special assessment, and restitution of $5,443,315.72." (Doc. No. 6, Ex. 3 at 3.)

In May 2014, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with the District Court for the Eastern District of Pennsylvania. (Doc. No. 6, Ex. 1.) On November 6, 2014, the Court dismissed Petitioner's § 2255 motion, finding that Petitioner knowingly and voluntarily waived his appellate and collateral attack rights and that there would be no manifest injustice in enforcing the waiver. (Id. Ex. 3.) Subsequently, in June of 2017, Petitioner filed a motion with the United States Court of Appeals for the Third Circuit seeking leave to file a successive § 2255 motion. (Id. Ex. 4.) In August of 2017, Petitioner filed a motion to supplement his petition for leave to file a successive § 2255 motion so that he could file a Johnson[1] claim. (Id. Ex. 5.) Before the Third Circuit, Petitioner argued that his prior Pennsylvania aggravated assault conviction was not a crime of violence but that this conviction had been used as a predicate offense to improperly enhance his healthcare fraud sentence. (Id. Ex. 5 at 2-3.)

While the Third Circuit granted Petitioner's leave to supplement his application for leave to file a successive § 2255 motion, it ultimately denied the application on the merits on August 21, 2017. (Id. Ex. 6); In re Hlushmanuk, No. 17-2616 (3d Cir. Aug. 21, 2017). The Third Circuit held that Petitioner "failed to make a prima facie showing that his proposed § 2255 motion rests on a new rule of constitutional law, or on a previously undiscoverable factual predicate." (Id.) It further held that Petitioner's "reliance on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), [was] misplaced, as he was not sentenced

---

[1] Johnson v. United States, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), for a violent felony violates due process).

under the residual clause of the Armed Career Criminal Act or under any other provision to which Johnson might apply." (Id.)

On September 28, 2017, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, re-raising the same argument set forth in his motion for leave to file a successive § 2255 motion before the Third Circuit, that his sentence imposed by the District Court for the Eastern District of Pennsylvania was enhanced by a state charge of aggravated battery which is not a crime of violence under the ACCA. (Doc. No. 1.) Respondent has filed a response to the same (Doc. No. 6), and Petitioner has filed a traverse (Doc. No. 7). Petitioner has also filed a motion to appoint counsel. (Doc. No. 11.) Accordingly, the matters are ripe for disposition.

## II. DISCUSSION

### A. Motion to Appoint Counsel

In the present motion for appointment of counsel, Petitioner maintains that: he knows "nothing about the law"; he does not have funds to retain counsel; he does not have access to case law to support his claims; and the merits of his claims are "debatable." (Doc. No. 11.) Appointment of counsel is discretionary with the Court, see 18 U.S.C. § 3006A(a)(2)(B), and counsel must be appointed for an indigent federal habeas corpus petition only when the interests of justice or due process so require. See Boyce v. Holder, No. 4:cv-09-02254, 2010 WL 817482, at *1 (M.D. Pa. Mar. 9, 2010); see also Wheeler v. Vaughn, No. 01-428, 2004 WL 73728, at *4 n.3 (E.D. Pa. Jan. 6, 2004). In Wheeler, the court stated:

> Any person seeking relief under § 2254 may be granted counsel if "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A[(a)(2)(B)]. "Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Reese v.

> Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991); cf. Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993) (holding that district courts should consider the following factors in determining whether to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1): (1) the plaintiff's ability to present his or her own case, (2) the complexity of the legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation, (4) the amount a case is likely to turn on credibility determinations, (5) whether the case will require the testimony of expert witnesses, and (6) whether the plaintiff can attain and afford counsel on his own behalf).

Id.

In this case, Petitioner has clearly demonstrated "a good understanding of the issues and the ability to present forcefully and coherently his contentions." Reese, 946 F.2d at 264 (quoting La Mere v. Risely, 827 F.2d 622, 626 (9th Cir. 1987)); (see Doc. Nos. 1, 7). Petitioner frequently cites to relevant statutes, case law, and constitutional law. (Id.) He has thus far filed motions on his own behalf in this case. (Doc. Nos. 1, 7, 11.) Furthermore, the legal and factual issues raised in the petition are not overly difficult and complex, and Petitioner has not shown that this case will require in-depth factual investigations and discovery. Nor does the Court find that his habeas proceeding will require the testimony of expert witnesses. Moreover, an evidentiary hearing is unlikely. Accordingly, the Court finds that the interests of justice do not require the appointment of counsel.

### B. Habeas Petition

#### 1. Legal Standard

It is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Indeed, to challenge the validity of a sentence, a federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see

4

also Swain v. Pressley, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)).

Conversely, a federal prisoner may challenge the execution of his sentence, such as a claim concerning the denial or revocation of parole, or the loss of good-time credits, by filing a § 2241 petition in the district court for the federal judicial district where the prisoner is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if it the Petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." Brown, 167 F. Supp. 2d at 726; see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a [§] 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1165, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized

the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); see In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).

The Third Circuit has also noted that extraordinary circumstances may justify invoking the savings clause. See Long, 611 F. App'x at 55. The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. See In re Dorsainvil, 119 F.3d at 251-52; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

However, as recognized in Dorsainvil, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. United State v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010).

Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73, 2012 WL 252416, at *2 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws.").

### 2. Discussion

Here, Petitioner challenges the imposition of his sentence, raising the same claim that the Third Circuit denied on the merits in addressing his motion for leave to file a successive § 2255 motion. (Compare Doc. No. 1 with Doc. No. 6, Exs. 5, 6.) As discussed above, to proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner has not met this burden. Indeed, his claim does not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction, and could not satisfy the stringent standard for filing a second or successive § 2255 motion. To be sure, the Third Circuit, in addressing the very Johnson claim before this Court, dismissed Petitioner's arguments because he was not sentenced under the residual clause of the Armed Career Criminal Act. (Doc. No. 6, Ex. 6.) The fact that the Third Circuit denied Petitioner's request to file a second or successive § 2255 motion does not make § 2255 relief inadequate or ineffective. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) (stating that a petitioner "cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); Long, 611 F. App'x at 55 ("Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements.").

7

"The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Because Petitioner has failed to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under § 2241, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241, for lack of jurisdiction.

## III. CONCLUSION

Based on the foregoing, the petition (Doc. No. 1), will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate order follows.